UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**MICHAEL O. WILLIAMS**,                                       :
                                                               :
                Plaintiff,   :
                                                               :  **ORDER**
       – against –                          :
                                                               :  25-CV-794 (AMD) (MMH)
                                                               :
**ROBERT HALF, LSG SKY CHEFS,**                                :
**CONGREGATION RODEPH SHOLOM, AND**                            :
**BNY MELLON,**                                                :
                                                               :
                Defendants.  :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On February 7, 2025, the *pro se* plaintiff filed this action against several employers, as well as a motion to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 3.) The plaintiff's IFP application is granted. For the reasons below, the plaintiff's complaint is dismissed with leave to amend.

## BACKGROUND

The plaintiff, invoking the Court's diversity jurisdiction, makes employment discrimination claims against various employers — LSG Sky Chefs, where he had a temporary placement; Robert Half, a staffing agency; and BNY Mellon and Rodeph Sholom Congregation, where he interviewed for jobs. (ECF No. 1 at 4, 13–14.)[1] The plaintiff attached a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC") dated

---

[1] The plaintiff has filed several employment discrimination actions in this Court. *See Williams v. Amazon*, No. 24-CV-2733 (AMD) (MMH) (filed Apr. 11, 2024); *Williams v. Revel Rideshare*, No. 24-CV-5701 (AMD) (MMH) (filed Aug. 12, 2024).

December 16, 2024, but the Court cannot determine against which employer he filed the charge of discrimination with the EEOC. (*Id.* at 9.) The plaintiff seeks $650,000 in damages. (*Id.* at 5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

Because the plaintiff is proceeding *pro se*, the Court construes his complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

## DISCUSSION

The plaintiff has not demonstrated that the Court has diversity jurisdiction over this action. As relevant here, federal courts have subject matter jurisdiction over state law claims if the plaintiff and defendants are citizens of different states and the amount in controversy is more than $75,000. 28 U.S.C. § 1332(a)(1). The plaintiff does not allege that the defendants are each

2

citizens of states other than New York. Accordingly, the Court does not have diversity jurisdiction over this matter.

However, the Court liberally construes the plaintiff's complaint to allege a federal employment discrimination claim, over which the Court has federal question jurisdiction. 28 U.S.C. § 1331. Title VII of the Civil Rights Act ("Title VII") prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1). To plead a Title VII claim, a plaintiff must show that he is a member of a protected class, he was qualified for the position and that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010). "[A]t the initial stage of the litigation . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *see also Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 254 (2d Cir. 2014).

The plaintiff names four different employers, but submitted only one EEOC right to sue notice. In addition, he does not allege facts that show that each employer violated his rights under Title VII and that he filed a charge of discrimination against each employer. Further, the plaintiff does not identify his race, color, nationality or gender nor does he allege specific

instances or facts showing that these employers took adverse action in violation of Title VII. Accordingly, the plaintiff's claims of discrimination are conclusory and fail to state a claim.

## CONCLUSION

Because the plaintiff is *pro se*, the Court grants him leave to file an amended complaint within 30 days from the entry date of this Order. *See Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009).

If the plaintiff decides to file an amended complaint, he must allege facts as to each defendant that support a plausible claim of discrimination or retaliation, including the date on which the adverse action occurred, as well as a short plain statement to show that the defendant discriminated or retaliated against him in violation of Title VII. The amended complaint will replace the original complaint and must stand on its own without reference to the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order, 25-CV-794 (AMD) (MMH). If the plaintiff does not file an amended complaint within 30 days of this Order or show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close the case.

The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, confidential, limited-scope legal assistance.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 4, 2024